**In re Anonymous No. 17 D.B. 87**

Disciplinary Board Docket no. 17 D.B. 87.

To the Honorable Chief Justice and Justices
of the Supreme Court of Pennsylvania

GILBERT, *Member,* March 10, 1988—Pursuant
to rule 208(d), Pa.R.D.E., the disciplinary board of
the Supreme Court of Pennsylvania submits its
findings and recommendations to your honorable
court with respect to the above petition for
discipline.

## HISTORY OF PROCEEDINGS

Respondent was suspended from the practice of
law by order of the Supreme Court of Pennsylvania
on March 6, 1987. The suspenion of respondent
was pursuant to rule 214(d), Pa.R.D.E., dealing
with attorneys convicted of crimes, and followed re-
spondent's guilty plea to one count of mail fraud on
March 28, 1985.

A petition for discipline was filed April 1, 1987.
The petition for discipline contained two charges. In
charge I petitioner alleged that as the result of the
conduct leading to his conviction, respondent violat-
ed the following disciplinary rules:

(a) D.R. 1-102(A)(3), dealing with illegal conduct
involving moral turpitude;

(b) D.R. 1-102(A)(4), dealing with conduct in-
volving dishonesty, fraud, deceit or mis-
representation;

(c) D.R. 1-102(A)(5), dealing with conduct that is prejudicial to the administration of justice;

(d) D.R. 1-102(A)(6), dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

Petitioner alleged further in charge I that the conviction of respondent constituted an independent basis for discipline, pursuant to rule 203(b)(1), Pa.R.D.E.

In charge II petitioner alleged that respondent failed to report to the secretary of the board within the prescribed time period his conviction of crime punishable for one year or upward. Petitioner averred that by this conduct respondent violated rule 214(a) Pa.R.D.E., requiring an attorney convicted of a crime punishable by imprisonment for one year or upward to report such conviction to the secretary of the board within 20 days of the date of sentencing. Petitioner averred that respondent's conduct was also in violation of D.R. 1-102(A)(4), (5) and (6).

Respondent filed an answer to the petition for discipline alleging that respondent acted at the direction of his senior partner and boss and that he reasonably believed that the bonds offered by his employer were offered properly. Respondent also alleged that he was unaware of the reporting requirements of rule 214 and that his failure to report his conviction was not willful.

Hearings were held before Hearing Committee [ ] on June 23 and July 9, 1987. The hearing committee filed a report on October 6, 1987. The hearing committee found that respondent has violated D.R. 1-102(A)(4) and (6) and rule 214(a) Pa.R.D.E. and recommended that respondent be suspended

from the practice of law for a period of two years retroactive to March 6, 1987.

Petitioner filed a letter brief in response to the hearing commitee report. Petitioner excepted to the failure of the hearing committee to find a violation of D.R. 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), asserting that mail fraud necessarily involves moral turpitude. Petitioner excepted to the findings of the hearing committee that respondent's actions were more the result of ignorance, incompetence, and bad judgment rather than intentional acts. No exception was taken to the finding of the hearing committee that respondent violated rule 214(a) but petitioner argued that there was sufficient evidence to find a willful violation of the rule, rather than an imputed violation of the rule. Finally, petitioner excepted to the recommended two-year suspension and argued that a four-year suspension was the minimum discipline required in this matter.

Respondent filed a brief on exceptions to report of Hearing Committee [ ] in which respondent argued that a lesser form of discipline was appropriate. In support of lesser discipline respondent argued that he did not participate in the crux of the fraudulent scheme, that he entered his guilty plea as a matter of convenience, that he did not knowingly violate rule 214 Pa.R.D.E., and that the character witnesses' testimony weighs in his favor.

Both petitioner and respondent filed briefs opposing exceptions, presenting arguments opposing the exceptions taken and in favor of their respective positions.

This matter was adjudicated by the disciplinary board at its January 15, 1988 meeting.

## FINDINGS OF FACT

(1) Respondent, [      ], is a formerly admitted attorney in the Commonwealth of Pennsylvania, who maintained a law office at [      ]. Respondent was born in 1951, and was admitted to practice law in the Commonwealth of Pennsylvania in 1976.

(2) On March 6, 1987, the Supreme Court of Pennsylvania entered an order directing that respondent, pursuant to his criminal conviction, be immediately suspended from the practice of law, and that, in accordance with the provisions of rule 214(f), the matter be referred to the disciplinary board for the institution of formal proceedings to determine the extent of final discipline to be imposed.

(3) On April 11, 1983, an indictment was filed against respondent in the U.S. District Court for the [      ] District of Pennsylvania, at Criminal Docket no. [      ]. Respondent was charged with violations of 18 U.S.C. §371 (conspiracy, one count); 18 U.S.C. §1341 (mail fraud, 12 counts); and 15 U.S.C. §§77g(a) and 77(x) (security fraud, eight counts).

(4) On March 28, 1985, the respondent entered a plea of guilty to count 2 of the indictment (18 U.S.C. §1341, mail fraud), and the remaining counts of the indictment were dismissed.

(5) As evidenced by the judgment and probation/commitment order, respondent was sentenced on March 28, 1985. This sentence included a suspended two-year imprisonment, a $1,000 fine, and two years probation. Probation was terminated on July 16, 1986.

(6) Rule 214(a) Pa.R.D.E., provides in part that any attorney convicted of a crime which is punishable by imprisonment for one year or upward in this or any other jurisdiction shall report the fact of such

conviction to the secretary of the board within 20 days of the date of sentencing.

(7) Respondent failed to report his conviction to the secretary of the board within 20 days of the date of sentencing, or at any time thereafter.

(8) Respondent called 10 character witnesses, all of whom were friends and business associates of the respondent, all of whom testified that respondent has a reputation for honesty and competence and that he continues to be highly thought of despite his conviction.

(9) Respondent's conviction resulted from his employment by [A] Mortgage Company of Pennsylvania [A] from 1977 to 1980.

(10) While employed by [A], respondent held, at different times, the titles of general counsel, vice president and secretary.

(11) While employed by [A], respondent received salaries ranging from $10,000 annually to $28,000; he did not share in the profits of that business.

(12) Working under the direction of [B], Esq. respondent prepared bond offering circulars.

(13) Respondent was not involved in the sale of industrial development bonds.

(14) Despite being made aware of a number of irregularities in the industrial bond offerings on which he was working, respondent, nonetheless, signed an opinion letter prepared by another attorney on which investors relied.

(15) Respondent left the employ of [A] in 1980 and began a private solo practice of real estate law in [          ] County until his suspension on March 6, 1987.

## DISCUSSION

Rule 214(e), Pa.R.D.E. states that "[a] certificate of conviction of an attorney for . . . a crime [punish-

able by imprisonment for one year or upward] shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the attorney based upon the conviction." Respondent's conviction of mail fraud is, therefore, conclusive evidence of commission of that crime and the issue to be determined is the appropriate discipline to be imposed upon respondent for his crime. As the hearing committee report indicates, the events surrounding a criminal charge must be considered in order to weigh the impact of the conviction upon the measure of discipline. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982).

Upon consideration of the events surrounding respondent's conviction it is evident that respondent played a minor role in the scheme to defraud investors. Respondent's minor role is evidenced by the fact that respondent was a salaried employee of [A] who did not share in the profits of the business and that he received a relatively light sentence compared to others involved in the scheme.

Respondent, nevertheless, was involved in a scheme to defraud investors, even if his role was a minor one. The offense to which respondent entered a guilty plea involves the following elements:

"(1) That the defendant willfully and knowingly devised a scheme or artifice to defraud, or for obtaining money or property by means of false pretenses, representations or promises: and

"(2) That the defendant caused mail to be delivered by the United States Postal Service for the purpose of executing the scheme to defraud." 18 U.S.C. §1341.

The surrounding circumstances considered cannot be employed to obviate the conviction, even if that conviction was the result of a guilty plea en-

tered to avoid the hardships and possible harsher consequences involved in going on with a trial.

The fact that respondent failed to report his conviction of a crime punishable by a maximum of five years imprisonment, as required by rule 214(a), Pa.R.D.E., adds to the extent of discipline to be imposed upon respondent. Respondent's claims that he was unaware of the requirements of rule 214(a) does not relieve respondent of the consequences of his failure to report his conviction. There is circumstantial evidence on the record that suggests that respondent was aware of rule 214(a). Even if respondent was genuinely unaware of rule 214(a) he, nevertheless, should have known of that rule and acted according to its directions. As Hearing Committee [     ] stated in its report:

"[I]t is the obligation of every attorney practicing law in this commonwealth to be aware of the requirements of the Rules of Disciplinary Enforcement. This is especially true in the case of an individual who, obviously, carefully considered and then chose to plead guilty to a charge of federal mail fraud. It is almost incomprehensible that an attorney would not carefully explore the ramifications of a guilty plea on his continued ability to practice law."

Based on the conviction of respondent for mail fraud and his failure to report that conviction to the secretary of the board, the board finds that respondent has violated the following disciplinary rules and Rule of Disciplinary Enforcement:

(1) D.R. 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

(2) D.R. 1-102(A)(5), dealing with conduct that is prejudicial to the administration of justice;

(3) D.R. 1-102(A)(6), dealing with conduct ad-

versely reflecting upon a lawyer's fitness to practice law; and

(4) Rule 214(a), Pa.R.D.E., providing that an attorney convicted of a crime punishable by imprisonment for one year or upward shall report the fact of such conviction to the secretary of the disciplinary board within 20 days of the date of sentencing.

## RECOMMENDATION

Based on the foregoing discussion, the disciplinary board recommends that respondent, [    ], be suspended from the practice of law for a period of four years retroactive to March 6, 1987, the date of respondent's suspension by order of the Supreme Court of Pennsylvania. The board recommends further that, pursuant to rule 208(g), Pa.R.D.E., respondent be directed to pay the necessary expenses incurred in the investigation and prosecution of this proceeding.

## ORDER

And now, June 6, 1988, upon consideration of the report and recommendations of the disciplinary board dated March 10, 1988, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of four years retroactive to March 6, 1987, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.